J-S46006-25
J-S46007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MARTIN CONNER | : | |
| | : | |
| Appellant | : | No. 635 WDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001572-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MARTIN CONNER | : | |
| | : | |
| Appellant | : | No. 636 WDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002869-2020

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED:  January 15, 2026**

Richard Martin Conner appeals from the orders denying his motions for

post-sentence relief, which we directed the trial court to treat as petitions filed

pursuant to the Post Conviction Relief Act ("PCRA") on remand from Appellant's direct appeal.[1]  We affirm.

This matter arises from incidents occurring on October 23 and 24 of 2020.  At that time, Mary Wann was in a casual relationship with Daniel Stratton, who is Appellant's nephew.  Ms. Wann had previously been intimate with Appellant and shared one child with him, but subsequently obtained a protection from abuse order against Appellant, which was in effect during the relevant time.

On the evening of October 23, Ms. Wann was at Mr. Stratton's house in Wesleyville, Pennsylvania, a borough immediately outside of Erie.  They were watching a movie in a first-story bedroom when Appellant pushed the window air conditioning unit in from outside, causing it to fall onto the bed and strike Mr. Stratton.  Appellant started to climb through the window but backed up when Mr. Stratton grabbed a knife from a nearby dresser.  Appellant then produced a black handgun, pointed it at Mr. Stratton, and verbally threatened him.  Mr. Stratton seized his phone and ran out of the room, calling 911, while Ms. Wann remained on the ground in a prone position.  Appellant abruptly left the premises and both Mr. Stratton and Ms. Wann gave statements to responding law enforcement.  Fearing another attack, Ms. Wann remained at Mr. Stratton's home throughout the night.

---

[1] Since these consecutively listed appeals emerge from a consolidated case in the court below and raise identical issues, we consolidate the above-captioned cases *sua sponte* for ease of disposition.

Early the following morning, Ms. Wann left the house and picked up her friend, Desiree Bancroft,[2] as well as Ms. Wann's children, who were being cared for by a babysitter. The group returned to Ms. Wann's apartment in Erie. Shortly after arrival, Appellant emerged from behind a curtain and struck Ms. Wann in the face with a black handgun. He initially prevented Ms. Bancroft and the children from leaving, but later called his mother to come pick them up. Appellant forced Ms. Wann to stay in the apartment throughout the remainder of the day into the next morning, before finally agreeing to take her to the hospital. An x-ray revealed that Ms. Wann had a fractured jaw, which was required to be wired shut for several weeks. Police arrested Appellant at the hospital.

Based on the above, the Commonwealth charged Appellant at two separate dockets, one relating to the incident involving Mr. Stratton's residence and the other pertaining to the physical altercation at Ms. Wann's apartment. Appellant was represented by counsel at all relevant times. The trial court consolidated the matters at the Commonwealth's request and oversaw a two-day jury trial. The evidence, viewed in the light most favorable to the Commonwealth, bore out the above facts. Appellant testified, generally claiming that he was not present at Mr. Stratton's residence on the night of October 23, and that while he did go to Ms. Wann's apartment the following

---

[2] At the time of the crimes and trial, Ms. Bancroft was engaged to Appellant's brother.

- 3 -

morning, he found her to have already had a jaw wound that she attributed to falling down the stairs.

The jury convicted Appellant of numerous offenses, including two counts of aggravated assault arising from the injuries he caused to Ms. Wann. The jurors acquitted Appellant of firearms not to be carried without a license as to the episode at Mr. Stratton's house. The remaining procedural background has been summarized by this Court thusly:

> On July 26 2022, the trial court imposed an aggregate term of [eight] to [sixteen] years of imprisonment, to be followed by a two-year probationary term.
>
> On August 5, 2022, trial counsel filed a motion to withdraw [in both cases], in which he requested the appointment of new counsel and an extension of time to file post-sentence motions. Although the court scheduled a hearing on this motion in September, it was later continued at [Appellant]'s request, and ultimately argued on December 5, 2022. That same day, the trial court entered an order granting newly appointed counsel thirty days to file a post-sentence motion. [Subsequent] counsel was assigned the case on December 22, 2022.
>
> On January 4, 2023[, subsequent] counsel filed a petition for extension of time because she "cannot file anything on behalf of [Appellant] until the transcripts are received." . . . [C]ounsel stated that she was filing a motion for transcripts and that she was requesting thirty days "from the date the last transcript is received by her" from the court reporters to file a post-sentence motion. According to . . . counsel, "this will give [her] time to review the transcripts and correspond with [Appellant] regarding any questions she might have in regard to the information contained therein."
>
> The next day, the trial court entered an order directing the court stenographers to file "all transcripts of all proceedings" for [Appellant] and notify . . . counsel as soon as this task was completed.

> Over ten months later, [Appellant] filed [counseled] motion[s] to reinstate his post-sentence rights *nunc pro tunc* [in both cases]. In th[e] motion[s], . . . counsel averred that, although the final transcript was filed in May, she "inadvertently failed to file the post[-]sentence motion[s] in a timely manner after the final transcript was filed." Counsel stated that, in order to preserve sentencing issues for appeal, it was necessary to file a post-sentence motion in order for [Appellant] to seek modification of his sentence. The trial court directed the Commonwealth to file a response, and the Commonwealth stated that it did not object to [Appellant]'s motion[s] to reinstate his post-sentence motions *nunc pro tunc*, or to a second extension of time to file the motion. [The court granted Appellant's request.]

*Commonwealth v. Conner*, 334 A.3d 385, 2025 WL 212828 at *1-2 (Pa.Super. 2025) (non-precedential decision).

Appellant filed a "Motion for Post-Sentence Relief" in each case on December 21, 2023. Within, he contended that the trial court erred in consolidating the two dockets for trial and that his verdict for aggravated assault was against the weight of the evidence because it was inconsistent with being acquitted of the firearms offense at Mr. Stratton's residence. The trial court denied the motions and Appellant appealed both matters to this Court, which we consolidated.

We did not reach the merits of the claims, instead resolving the appeal on procedural grounds. Specifically, we found that because counsel did not timely file the post-sentence motions, Appellant's judgment of sentence became final "on August 25, 2022, thirty days after he failed to file an appeal to this Court." *Id*. at *2. Hence, we determined that the post-sentence motions, filed some fifteen months after the sentence became final, should

- 5 -

have been treated as untimely first PCRA petitions. *Id*. Nonetheless, relying on **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013), we remanded for additional proceedings, concluding that Appellant was entitled to counsel to determine whether any timeliness exception applied.

On remand, the court appointed a new attorney for Appellant, who filed an identical "Supplemental Petition for Post Conviction Collateral Relief" at each docket. Within, counsel reasserted the claims from the post-sentence motions, but recharacterized them to include allegations of ineffective assistance of counsel. Critically, the supplemental petitions asserted that, with regard to reviewability, prior counsel's *per se* ineffectiveness in failing to timely file the post-sentence motions excused any untimeliness. **See** Supplemental PCRA Petition, 2/25/25, at 2-3.

The PCRA court entered notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907, addressing the merits of the claims and finding no arguable merit. Appellant submitted no response. The court thereafter dismissed the petitions, and these timely appeals followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925, with the court's Rule 1925(a) opinion incorporating the analysis set forth in its Rule 907 notice.

Appellant raises two questions for our review:

1. Whether the [PCRA] court committed legal error and abused its discretion in failing to grant PCRA relief in that the court erred in failing to sever the respective criminal dockets for purposes of trial and whether trial counsel was ineffective in failing to object to the denial and otherwise preserve and raise that claim in a direct appeal?

- 6 -

2.      Whether the [PCRA] court committed legal error and abused its discretion in failing [t]o find that the truth-determining process was undermined in that the trial court failed to *su*[*a*] *sponte* dismiss the guilty verdict as to aggravated assault with a deadly weapon as inconsistent and contradictory to the not guilty verdict issued by the same jury as to possession of a firearm charge and whether defense counsel was ineffective in failing to assert a challenge to the verdict as rendered by seeking to set aside that verdict of guilty as the aggravated assault with a deadly weapon or issue an arrest of judgment or judgment of acquittal notwithstanding the verdict rendered?

Appellant's brief at 2 (cleaned up).

First, we must address the timeliness of the underlying PCRA petitions. *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019) ("Even where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." (citation omitted)). Any PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless the petitioner pleads and offers to prove one of the following enumerated timeliness exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 7 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Although not specifically articulated by Appellant as such, he invoked the newly-discovered fact exception to the time bar, which arises from counsel's neglect to promptly file a post-sentence motion after the transcripts became available. The PCRA court was satisfied that the exception was met insofar as it addressed the merits of the petitions in its Rule 907 notice, implicitly treating them as timely.

While not cited by counsel in the supplemental PCRA petitions, we find that the facts here are analogous to those in *Commonwealth v. Peterson*, 192 A.3d 1123, 1124–25 (Pa. 2018), where our Supreme Court applied the newly-discovered-fact exception to an instance of *per se* ineffectiveness that wholly foreclosed review of Peterson's claims. In that case, the High Court elucidated:

Subsection 9545(b)(1)(ii) of the [PCRA] provides an exception to the PCRA's one-year time bar for the filing of petitions for relief if the petition pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), this Court applied this exception where petitioner established that his counsel failed to file an appellate brief in support of his PCRA petition, resulting in the dismissal of his appeal and the complete forfeiture of appellate review. In the present case, we address a similar, yet distinct, circumstance in which counsel filed the PCRA petition one day late, thus precluding any

- 8 -

merits or appellate review of petitioner's collateral claims. For the reasons set forth herein, we conclude that counsel's negligence *per se* in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii).

***Peterson***, 192 A.3d at 1124–25.

Based on Appellant's assertion that his underlying petitions were untimely exclusively due to counsel's clear and apparent neglect, and that such *per se* ineffectiveness would wholly preclude review, we determine that ***Peterson*** controls. In light of the exception set forth, we have jurisdiction over Appellant's PCRA petitions.

We now turn to the merits of Appellant's claims. This Court reviews the dismissal of a PCRA petition to determine "whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Ultimately, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

With respect to Appellant's attacks on the adequacy of counsel's representation, we observe that "counsel is presumed to be effective, and a petitioner must overcome that presumption to prove" his entitlement to relief. ***See Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015). In that regard:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of

the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). The petitioner's failure to sustain any prong of the test defeats the claim. *See*, *e.g.*, *Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018).

Appellant first asserts that that the court's decision to try the matters contemporaneously was in error, and likewise counsel was ineffective by failing to object to the court's refusal to sever. *See* Appellant's brief at 6-7. Rule 582 of the Rules of Criminal Procedure provides, in pertinent part:

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1). Rule 583, on the other hand, states that "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses . . . being tried together." Pa.R.Crim.P. 583.

In his brief, Appellant offers relatively scant argument to support this claim. After citing the relevant background legal principles, he contends as follows, in total:

> [I]t was materially prejudicial to try both incidents underlying the two docket numbers together and not sever the criminal offenses filed at the respective docket numbers. The respective allegations of the criminal offenses involved disparate victims, in distinct jurisdictions involving distinct police involvement as to the investigations. There was a passage in time and distinct factual scenarios as to compel severed trials as to the two events, one occurring in Wesleyville[, Pennsylvania] on the night of October 23, 202[0] and then in the City of Erie the following day. [Appellant] wholly denied being present at the trailer residence of [Mr.] Stratton in Wesleyville while conceding his presence at [Ms.] Wann's residence the following day but denying the account of criminal allegations lodged against him involving [Ms.] Wann and [Ms.] Bancroft. The concurrent trial of both alleged incidents was unduly prejudicial to [Appellant] with the probative value of the Commonwealth seeking to display a common design and factual connection as to the events being outweighed by the resultant prejudice imposed upon [Appellant].

Appellant's brief at 6-7 (brackets removed).

The PCRA court determined that Appellant's position failed for lack of arguable merit. Specifically, it found that evidence of each of the charges would have been admissible in a separate trial "to show [Appellant]'s identity, motive, intent, and common scheme." Rule 907 Notice, 3/21/25, at 1. In that vein, the court stated:

> Here, the victim in both cases was [Ms. Wann]. The crimes occurred one day apart. In the first case, [Appellant] threatened [Ms. Wann] at her new boyfriend's residence. In the second case, [Ms. Wann] and a friend returned to [Ms. Wann]'s house a day later, and [Appellant] was waiting for her. He pistol-whipped her and would not allow her or her friend to leave her home. The

- 11 -

witnesses to the above crimes, including the victim, testified at trial.

*Id*. The court opined that due to the factual distinctions between the events, "the evidence was capable of separation by the jury," which reduced the likelihood of undue prejudice. *Id*. Additionally, it found that the offenses were based on the same continuing act or transaction, and hence further satisfied Rule 582. *Id*.

Upon review, we determine that the court's findings are supported by the record and free from legal error. *See Howard*, 285 A.3d at 657. Particularly, there is ample backing for the notion that evidence relating to each crime would have been admissible in a separate trial for the other matter, especially to show Appellant's identity and motive. As discussed, it was alleged that a similar black handgun was produced by the assailant in each incident, and they occurred approximately twelve hours apart and in close geographical proximity. The threats against Mr. Stratton and the attack against Ms. Wann provided circumstantial evidence of motive, namely Appellant's jealousy of their relationship, considering that Ms. Wann had previously dated Appellant.

Furthermore, as Appellant concedes, because the crimes took place at diverse locations with different witnesses in addition to Ms. Wann, there was no risk that the jurors would be unable to separate the charges. Nothing in the joinder of the cases prevented Appellant from asserting his alibi defense as to the attempted break-in at Mr. Stratton's house and his assertion that something other than him caused Ms. Wann's jaw injuries. This lack of

prejudice means that the court was under no obligation to sever the cases, and similarly, counsel could not be ineffective for opting not to object to the court's decision. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1222 (Pa. 2006) (stating that "counsel will not be deemed ineffective for failing to raise a meritless claim"). No relief is due.

In his remaining issue, Appellant challenges the court's decision not to *sua sponte* dismiss certain charges due to a perceived inconsistent verdict, as well as the efficacy of trial counsel for failing to seek dismissal on that same basis. **See** Appellant's brief at 7-11. Particularly, he highlights that the jury acquitted him of the firearm charge in the case involving the incident at Mr. Stratton's house, yet convicted of him aggravated assault of Ms. Wann the following morning, presumably on the Commonwealth's theory that he struck her with a handgun. The PCRA court again found no arguable merit to this claim, determining that even if the verdicts were inconsistent, the evidence supported the aggravated assault conviction. **See** Rule 907 Notice, 3/21/25, at 2. For its part, the Commonwealth additionally avers that the verdicts are not inconsistent at all. **See** Commonwealth's brief at 6.

We agree with the trial court that this assertion lacks arguable merit. More specifically, Appellant has not persuaded us that the verdicts in question are inconsistent. The fact that the jury acquitted Appellant of a firearm charge alleged to have occurred on October 23, 2020, has no bearing on whether he struck Ms. Wann with a handgun, causing serious bodily injury, on the next day. It is not at all logically inconsistent for the jury to conclude that the

Commonwealth failed to prove his possession of a firearm without a license at one time, yet find that he had a handgun when he later attacked the victim. Since the verdicts were not inconsistent, Appellant cannot succeed on a claim that counsel should have pursued such an argument. *See Spotz*, 896 A.2d at 1222. Further, there is no support for the contention that the trial court should have overturned the verdicts.[3]

In sum, we have no cause to disturb the court's order dismissing Appellant's PCRA petitions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/15/2026

---

[3] In any event, this Court has held that "inconsistent verdicts are permissible in this Commonwealth." *Commonwealth v. Banks*, 253 A.3d 768, 775 (Pa.Super. 2021) (cleaned up). "Such verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. McNeal*, 120 A.3d 313, 328 (Pa.Super. 2015). Rather, so long as there is sufficient evidence to support the verdicts, "this Court will not disturb guilty verdicts on the basis of apparent inconsistencies[.]" *Commonwealth v. Burton*, 234 A.3d 824, 829 (Pa.Super. 2020) (cleaned up).